IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YVONNE M. WEST, Individually and as Administrator of the Estate of Jamon West,<br><br>    Plaintiff,<br><br>v.<br><br>DEKALB COUNTY, GEORGIA, CAPT. PHILLIP DITMORE, SFF. DAVID KELLY, SFF. JASON WINKLER, SFF. KEVIN FLEMING, FF. JOHAN LAKATOS, FF. TIFFANY PAYNE, DO MELISSA VAN WIE, SGT. M. WILLIAMS, OFF. TIMOTHY LATTIMORE, OFF. BRANDON W. WILLIAMS, OFF. DEION PAXTON, OFF. C. JONES, and OFF. JOSHUA BURTON,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:23-CV-01907-ELR |

**DEFENDANTS DEKALB COUNTY, JONES, AND PAXTON'S
MOTION TO STAY PROCEEDINGS AND BRIEF IN SUPPORT THEREOF**

Defendants DeKalb County, Georgia, Officer Deion Paxton, and Officer C. (Curtis) Jones ("Defendants") move to stay the proceedings, including all disclosure and planning conferences set forth in Fed. R. Civ. P. 16 and 26, pending adjudication

of their Motion o Dismiss now pending before this Court. In support of this motion, Defendants show this Court the following.

## BACKGROUND

Defendants have moved for dismissal of all of Plaintiff Yvonne M. West's claims. [Doc. 21]. Specifically, West's claims against Paxton and Jones are barred by qualified immunity, and she otherwise fails to state any claim for *Monell* liability against DeKalb County [*See* Doc. 21-1]. A ruling in Defendants' favor would resolve the entire case against them, thus making discovery unnecessary. In order to avoid the potentially unnecessary costs and burdens of litigation, Defendants ask that discovery, including all disclosures and planning conferences required under Fed. R. Civ. P. 16 and 26, be stayed pending a ruling on Defendants' Motion to Dismiss.

## ARGUMENT

Qualified immunity "seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery." *Caraballo-Sandoval v. R.E. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994) (affirming stay of discovery until district court decided the issue of qualified immunity). The Supreme Court has explained that the purpose of qualified immunity is not only protection from civil damages, but also to protect defendants from the rigors of litigation itself, including discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982). "[O]ne of the purposes of the Harlow qualified immunity standard it to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective

2

government.'" *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (quoting *Harlow*, 457 U.S. at 817). The Supreme Court reiterated its adherence to this principle in Ashcroft v. Iqbal, stating that "[t]he basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disrupted discovery.'" 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilly*, 500 U.S. 226, 236 (1991)).

In this case, Defendants have established that Paxton and Jones are entitled to qualified immunity on both prongs: West failed to allege (1) a constitutional violation that (2) was clearly established. [*See* Doc. 21-1]. And among other reasons, the claims against DeKalb County therefore fail because an underlying constitutional violation is a predicate element of establishing *Monell* liability. [*Id.*]. Accordingly, a stay of the proceedings is warranted.

Federal Rule 26(d) gives the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d). *See also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (district court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"). The Court should stay all discovery in the interests of efficiency and justice through its powers under Fed. R. Civ. P. 26 and issue a stay relieving Defendants from having to exert any additional resources pending a ruling on their Motion to Dismiss. *See Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending ruling on motion to dismiss); *Chudasama v. Mazda Motor Corp.*, 123 F.3d

1353, 1367 (11th Cir. 1997) (holding "facial challenges to the legal sufficiency of the claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins"). Indeed, it is customary for district courts to stay all party obligations, including the Rule 26(f) conference, joint preliminary report and discovery plan, and initial disclosures pending ruling on a motion to dismiss. *See, e.g., O'Neill v. NYU Langone Medical Center*, 2022 WL 18779524, *2 (N.D. Ga. 2022) (staying Rule 26(f) conference, joint preliminary report and discovery plan, and exchange of initial disclosures pending ruling on motion to dismiss); *Sherwood v. Horizon Actuarial Services, LLC*, 2022 WL 18460459, *2 (N.D. Ga. 2022) (staying all discovery-related proceeding, including initial disclosure and joint preliminary report and discovery plan obligations, pending ruling on motion to dismiss).

In sum, Defendants have moved for dismissal of all claims against them, and an order staying the proceedings will protect them from the burden of responding to potentially unnecessary discovery should the motion be granted. Even if the Court only grants part of Defendants' Motion to Dismiss, it will narrow the focus of the case and establish the proper scope of discovery for Plaintiff's remaining claims, if any. Finally, litigation efficiency does not infringe on any party's rights.

## CONCLUSION

For the foregoing reasons, Defendants request the Court stay the proceedings, including all disclosures and planning conferences, in this matter until Defendants' Motion to Dismiss is adjudicated.

Respectfully submitted this 26th day of June 2023

## LOCAL RULE 7.1D CERTIFICATE

This Brief was prepared using Century Schoolbook 13-point font.

Respectfully submitted this 26th day of June, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ Russell A. Britt*
R. DAVID WARE
Georgia Bar No. 737756
RUSSELL A. BRITT
Georgia Bar No. 473664

*Counsel for Defendants DeKalb County, Off. D. Paxton, and Off. C. Jones*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel; 404-954-5000
Fax: 404-954-5020
Email: dware@hallboothsmith.com
Email: rbritt@hallboothsmith.com

## CERTIFICATE OF SERVICE

I filed this **Defendants DeKalb County, Jones, and Paxton's Motion to Stay Proceedings and Brief in Support Thereof** with the Court's CM/ECF System, which will send electronic notification to all counsel of record.

Respectfully submitted this 26th day of June, 2023.

                    **HALL BOOTH SMITH, P.C.**

                    */s/ Russell A. Britt*
                    R. DAVID WARE
                    Georgia Bar No. 737756
                    RUSSELL A. BRITT
                    Georgia Bar No. 473664

                    *Counsel for Defendants DeKalb County, Off. D. Paxton, and Off. C. Jones*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel; 404-954-5000
Fax: 404-954-5020
Email: dware@hallboothsmith.com
Email: rbritt@hallboothsmith.com