IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YVONNE M. WEST, individually and as Administrator of the Estate of Jamon West,<br><br>Plaintiff,<br><br>v.<br><br>DEKALB COUNTY, GEORGIA; CAPT. PHILLIP DITMORE; SFF. DAVID KELLY; SFF. JASON WINKLER; SFF. KEVIN FLEMING; FF. JONAH LAKATOS; FF. TIFFANY PAYNE; DO MELISSA VAN WIE; SGT. M. WILLIAMS; OFF. TIMOTHY LATTIMORE; OFF. BRANDON W. WILLIAMS; OFF. DEION PAXTON; OFF. C. JONES; and OFF. JOSHUA BURTON,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO. 1:23-CV-01907-LMM |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CAPTAIN PHILLIP DITMORE AND FIREFIGHTER TIFFANY PAYNE PINKSTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COME NOW Defendants Captain Phillip Ditmore and Firefighter Tiffany Payne Pinkston (collectively, the "Medic Defendants"), by and through the undersigned counsel, and in support of their Motion to Dismiss Plaintiff's Complaint, respectfully show the Court the following:

## I. INTRODUCTION

This lawsuit arises from the death of Mr. Jamon West, who on August 15, 2019, suffered a seizure and, as alleged by the Plaintiff, an "episode of behavioral crisis." Mr. West's mother called 911 seeking assistance and reported he was suffering from a seizure. Both DeKalb County Fire and Police personnel responded to the scene, and after encountering a combative and highly agitated patient, the DeKalb County Fire personnel administered a chemical restraint and assisted DeKalb County Police personnel with physically restraining Mr. West. Ultimately, Mr. West's respiratory rate dropped, and he went into cardiac arrest. Mr. West was transported to the hospital, where he slipped into a coma, and died on August 25, 2019.

Plaintiff Yvonne West, who is Mr. West's mother, brings the underlying action both individually and as the administrator of Mr. West's estate and asserts federal law claims against the Medic Defendants and others. Although Mr. West's death was a tragic event, Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Medic Defendants.

First, Plaintiff's official capacity claims against the Medic Defendants are redundant of her claims against DeKalb County. Second, Ms. West's individual claims are barred by the statute of limitations. Third, qualified immunity bars Plaintiff's excessive force, deliberate indifference, and failure to intervene claims

(Counts IV, V, and VI, respectively) as asserted against the Medic Defendants in their individual capacities; therefore, those claims should be dismissed against the Medic Defendants.

## II. ALLEGATIONS IN PLAINTIFF'S COMPLAINT

The allegations in Plaintiff's Complaint show Ms. West called 911 on August 16, 2019 and advised dispatch that her son was having a seizure and "that she could not control him." (Doc. 1, ¶¶ 18, 21). Two DeKalb County Fire Rescue (DKFR) officers initially responded to the call and encountered Mr. West in a "highly agitated, hyperactive, confused" state and who was "not in control of his behavior." (*Id.* at ¶¶ 21-23). Plaintiff described Mr. West's condition as "an episode of behavioral crisis commonly known in the law-enforcement community as 'excited delirium'." (*Id.* at ¶ 18). These first-on-scene officers attempted to restrain Mr. West in a "prone position, face down on the ground." (*Id.* at ¶ 27). Additional officers arrived, including Defendant Ditmore, and they assisted the first two officers in restraining Mr. West by "applying force to all four extremities and to his back." (*Id.* at ¶¶ 28-29).

Plaintiff alleges that Defendant Ditmore took control of the scene and "directed" Defendant Pinkston, whom Plaintiff alleges is an Emergency Medical Technician, to administer a chemical restraint, which was comprised of Haldol and Versed in a "dose permitted by DeKalb County policy." (*Id.* at ¶¶ 33-35, 111).

Physical restraints (handcuffs) were utilized to gain control of Mr. West. (Doc. 1, ¶ 40). After the chemical restraint was applied, soft restraints were substituted for transport. (*Id.* at ¶ 49). Mr. West's respiratory rate then dropped, and he went into cardiac arrest. (*Id.* at ¶ 50). Mr. West was transported to the hospital, where he lingered in a coma for a period of days and died on August 25, 2019. (*Id.* at ¶ 51).

Plaintiff brought the underlying lawsuit on April 26, 2023, asserting several claims against the first responders and DeKalb County. As it relates to the Medic Defendants, Plaintiff alleges excessive force against, *inter alia*, Defendant Ditmore (Count IV), deliberate indifference to medical needs against the Medic Defendants (Count V), and failure to intervene against, *inter alia*, Defendant Pinkston (Count VI), and finally attorneys' fees and expense of litigation against all defendants (Count VII).

## III. ARGUMENT AND CITATIONS TO AUTHORITY

### A. Motion to Dismiss Standard

Federal Rules of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted. To avoid dismissal for failure to state a claim pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required, this standard requires the complaint to present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations must "raise a right to relief above the speculative level" and provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

B.   **Plaintiff's § 1983 claims against the Medic Defendants in their official capacities should be dismissed as redundant.**

For purposes of liability, "a suit against a public official in his official capacity is considered a suit against the local government entity he represents." *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Because the two suits are "functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials." *See, e.g.*, *Busby v. City of Orlando*, 932 F.2d 764, 776 (11th Cir. 1991). Thus, where both the public official and the government entity have been sued, the official capacity claim against the public official should be dismissed as duplicative or redundant of the claims against the government entity. *See, e.g.*, *Thornton v. Jackson*, 998 F. Supp. 2d 1365, 1378-79 (N.D. Ga. 2014) (dismissing official capacity claims against the chairman of the Fulton County BOC); *Lopez v. Richardson*, 647 F. Supp. 2d 1356, 1360 (N.D. Ga. 2009). Here, because Plaintiff

also has sued DeKalb County, Plaintiff's official capacity claims against the Medic Defendants (or any other individuals) in their official capacity, should be dismissed.

> **C. Plaintiff's Yvonne West's individual claims are barred by the statute of limitations.**

While the Complaint does not specifically identify those claims brought by Ms. West in her individual capacity,[1] any such wrongful death claims are barred by the statute of limitations. *Hicks v. Universal Health Servs., Inc.*, 364 Ga.App. 769 (2022), cert. denied, No. S23C0096 (Ga. April 4, 2023)(finding that the parents were not "victims" of alleged crime, within meaning of O.C.G.A. § 9-3-99, which tolls limitations period for tort arising from crime until prosecution of such crime has become final or otherwise terminated). Here, the incident occurred in August 2019, and this lawsuit was filed in April 2023, which is well beyond the applicable statute of limitations. (Doc. 1., ¶ 15).

The tolling statute relied upon by Plaintiff (in her individual capacity), however, applies only to the victims of the alleged crime. O.C.G.A. § 9-3-99 tolls "[t]he running of the period of limitations with respect to any cause of action in tort that may be brought by the *victim* of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state…" until the prosecution has become final or "otherwise terminated"

---

[1] The claim for deliberate indifference to medical needs (Count V) is the only claim that references Mr. West's estate.

provided that time does not exceed six years. (Emphasis added). In *Hicks*, the parents of an adult child who was murdered in October 2016, initiated a civil suit in 2021 after the conclusion of the criminal case against the assailant. 364 Ga.App. at 770. The trial court concluded, and the Georgia Court of Appeals agreed, that the plain language of the tolling statute did not apply to the parents' individual claims. *Id.* at 776 (finding that "given the clear and unambiguous statutory text, our search for meaning ends: the Tolling Statute does not apply to the Survivor claims brought by the parents of the crime victims in this case"). Thus, any wrongful death claims asserted by Ms. West are untimely and should be dismissed.

> **D. Plaintiff's § 1983 claims asserted against the Medic Defendants in their individual capacities should be dismissed either based on qualified immunity or for failure to state a claim.**

As stated above, Plaintiff asserts § 1983 claims for excessive force (Count IV) against Defendant Ditmore, deliberate indifference (Count V) against the Medic Defendants, and failure to intervene (Count VI) against Defendant Pinkston. Sec. 1983 grants individuals a private right of action against government actors, but such actors acting within the scope of their official duties may be entitled to qualified immunity. For qualified immunity protection, the defendant must only show that he was acting within the scope of his discretionary authority when alleged wrongful act occurred. *Case v. Eslinger,* 555 F.3d 1317, 1325 (11th Cir. 2009); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1305 (11th Cir. 2009). A defendant's actions are deemed

to be within the scope of his discretionary authority if he was "(a) performing a legitimate job-related function that was (b) through means that were within his power to utilize." *Pair v. City of Parker FL Police Dep't*, 383 Fed. Appx. 835, 838-39 (11th Cir. 2010).

If the defendant satisfies this threshold requirement, then the burden shifts to the plaintiff to demonstrate 1) that the defendant violated a constitutional right; and 2) that the right was clearly established "in light of the specific context of the case, not as a broad general proposition." *Case,* 555 F.3d at 1326; *see also Mann*, 588 F.3d at 1305. A qualified immunity defense can be considered on a motion to dismiss, and it is appropriate to grant the defense at the motion to dismiss stage if the complaint fails to allege a violation of a clearly established constitutional right. *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003); *Hardy v. Broward Cty. Sheriff's Off.*, 238 Fed. Appx. 435, 439 (11th Cir. 2007) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery").

The Medic Defendants are both entitled to qualified immunity at the motion to dismiss stage. Plaintiff's factual allegations against the Medic Defendants indicate that they were performing functions within their discretionary authority. The allegations in Plaintiff's Complaint show Ms. West called 911 and advised dispatch that her son was having a seizure and "that she could not control him."

(Doc. 1, ¶ 21). The Medic Defendants encountered Mr. West in a "highly agitated, hyperactive, confused" state when he was "not in control of his behavior." (Doc. 1, at ¶¶ 21-23). Plaintiff described Mr. West's condition as "an episode of behavioral crisis commonly known in the law-enforcement community as 'excited delirium'." (*Id.* at ¶ 18).

Upon encountering Mr. West in this condition, the Medic Defendants had to determine what kind of medical intervention they could provide to address Mr. West's immediate needs and how to render medical aid to a patient who was clearly not in control of his behavior. By the very nature of their jobs and the call that they were responding to, the Medic Defendants "were authorized by state law to 'render first aid and resuscitation services." *See Ellison v. Hobbs*, 786 Fed. Appx. 861 (11th Cir. 2019)(citations omitted)(finding that, for qualified immunity purposes, the paramedic and EMT were acting in their discretionary authority, when they "involuntarily placed plaintiff in soft restraints and transported her to a hospital.")

Temporary physical restraints (handcuffs) were utilized to gain control of Mr. West while a chemical restraint (Haldol and Versed) was injected at a dosage permitted by DeKalb County policy. (Doc. 1, ¶¶ 35, 40, 49). After the chemical restraint was applied, soft restraints were substituted for transport. (*Id.* at 50).

These are all legitimate job-related functions of the Medic Defendants that are through means of their power to utilize and require the exercise of discretionary

decision-making. There are no allegations indicating otherwise. Thus, the Medic Defendants were acting within the scope of their discretionary authority at the time of Mr. West's medical emergency. *See*, *Ellison*, 786 Fed. Appx. at 871-72 (finding that, for qualified immunity purposes, the paramedic and EMT were acting in their discretionary authority, when they involuntarily placed plaintiff in soft restraints and transported her to a hospital.)

The burden then shifts to Plaintiff to show that the Medic Defendants' actions violated clearly established constitutional law. Here, there are no allegations in the Complaint indicating that the Medic Defendants violated a clearly established constitutional right. Whether an official has violated a clearly established constitutional right must be considered "in light of the specific context of the case, not as a broad general proposition." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citations omitted). While exact factual identity with a previously decided case is not required, "the unlawfulness of the conduct must be apparent from pre-existing law." *Id.* (citations omitted). That is to say, "the precedent must give officials clear warning of unconstitutional conduct." *Merricks v. Adkisson*, 785 F.3d 553, 559 (11th Cir. 2015) (citation omitted). Plaintiff is unable to meet this burden.

1. Excessive Force and Failure to Intervene

Plaintiff alleges that Defendant Ditmore, among others, violated Mr. West's clearly established rights by restraining him in a prone position and

applying pressure on his back. (Doc. 1, ¶¶ 104-106). The Complaint states, however, that the individual defendants encountered Mr. West in an "excited delirium" and that he was "highly agitated, hyperactive, confused, and **not in control of his behavior**." (Doc. 1, ¶¶ 18, 23)(emphasis added). Given the totality of the circumstances, it is not objectively unreasonable to conclude that Mr. West was a safety risk to himself and others.

As a result, physically restraining Mr. West for a brief time – even in a prone position, as alleged by Plaintiff – was objectively reasonable under the circumstances. *See, e.g., Callwood v. Jones*, 727 Fed. Appx. 552 (11th Cir. 2018)(finding police officers did not violate clearly established law by applying handcuffs, leg irons, and flex cuffs to a suspect whom they believed was suffering from an excited delirium, "suggesting that he also had 'only a tenuous grasp on reality.'"(citations omitted)); *Cottrell v. Caldwell*, 85 F.3d 1480, 1488, 1492 (11th Cir. 1996)(concluding officers did not use excessive force, although arrestee died of positional asphyxia, where officers placed arrestee in handcuffs and leg restraints after a 20-minute struggle and put him in a prone position in the back of a police car). Accordingly, Defendant Ditmore is entitled to qualified immunity, and the excessive force claim (Count IV) should be dismissed.[2]

---

[2] While certainly not binding on this Court, the Medic Defendants respectfully submit that the analysis in *Peete v. Metro. Gov't of Nashville*, 486 F.3d 217 (6th Cir. 2007) is persuasive and supports dismissal of Plaintiff's Complaint *in toto* against

"Because the law does not clearly establish that [defendants] used excessive force, the other officers had no duty to intervene." *Callwood*, 727 Fed. Appx. at 560 (citing *Barton v. Norrod*, 106 F.3d 1289, 1299 (6th Cir. 1997) (concluding that an observing officer was entitled to qualified immunity because "there was no clearly established right being violated for which [he] had a duty to intervene and protect")). As a result, Plaintiff's claim for failure to intervene against Defendant Pinkston should also be dismissed.

2. Deliberate Indifference to Medical Need

The temporary restraint of Mr. West in a prone position and the administration of a chemical restraint did not violate clearly established law; thus, the Medic Defendants are entitled to qualified immunity on Plaintiff's deliberate indifference to medical needs claim. "A claim of deliberate indifference to a serious medical need in violation of the Eighth or Fourteenth Amendments necessarily arises only where the plaintiff is incarcerated, and a qualified immunity defense is generally

---

the Medic Defendants. In *Peete*, a grandmother called 911 requesting medical assistance because her grandson was experiencing a seizure. The defendants restrained the decedent by applying pressure to his extremities – as well as his head, neck, and shoulders. The first responders then tied his hands and ankles behind his back and continued to apply pressure while failing to check on his breathing. He died as a result of being restrained. The Court concluded that "where the purpose is to render solicited aid in an emergency rather than to enforce the law, punish, deter, or incarcerate, there is no federal case authority creating a constitutional liability for the negligence, deliberate indifference, and incompetence alleged in the instant case." *Peete*, 486 F.3d at 221.

available to the public official or officials against whom the plaintiff brings suit." *Gilmore v. Hodges*, 738 F.3d 266, 273 (11th Cir. 2013). To prevail on a claim for deprivation of medical care, a plaintiff must prove (1) existence of an objectively serious medical need, and (2) that the officer was deliberately indifferent to that need. *Wade v. Daniels*, 36 F.4th 1318 (11th Cir. 2022).

To prove deliberate indifference, the "plaintiff must present, for each officer, evidence from which a reasonable jury could conclude that (1) the officer was aware of facts from which the inference could be drawn that substantial risk of serious harm exists, (2) the officer actually drew that inference, and (3) the officer disregarded the risk of serious harm, and (4) the officers' conduct amount to more than gross negligence." *Wade*, 36 F.4th at 1326 (citations omitted).

Plaintiff has alleged Mr. West suffered from a seizure and excited delirium, which prompted a call for rescue personnel because "she could not control him, and that she needed help." (Doc. 1, at ¶ 21). Here, there is no allegation that Mr. West was arrested, incarcerated, or detained for some criminal investigation.[3] Instead, because he suffered a seizure, the Medic Defendants were attempting to render medical aid to a patient who was demonstrably "highly agitated, hyperactive,

---

[3] Again, the Medic Defendants respectfully submit the *Peete* case, *supra*, illustrates the tensions in §1983 jurisprudence regarding medical care rendered in response to a request for emergency assistance rather than "to enforce the law, punish, deter, or incarcerate." *Peete*, 486 F.3d at 221.

confused, and not in control of his behavior." (Doc. 1, ¶¶ 18, 23). During the course of attempting to render medical aid, Defendant Ditmore assisted in physically restraining Mr. West, and Defendant Pinkston administered a chemical restraint. Plaintiff alleges that Defendant Ditmore "ordered the handcuffs removed and replaced with soft restraints," before Mr. West's respiratory rate dropped. (Doc. 1, ¶¶ 34-35, 39-40, 49-50). Plaintiff, however, cannot point to a "bright-line" rule that the temporary restraint in a prone position of an individual suffering from a seizure and excited delirium, who is also administered a chemical restraint, amounts to deliberate indifference. *See, Wade*, 36 F.4th at 1328. As a result, the Medic Defendants are entitled to qualified immunity and respectfully request Count V be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Medic Defendants respectfully request that this Court dismiss (a) Plaintiff's official capacity claims against the Medic Defendants as redundant of the claims against DeKalb County; (b) Ms. West's individual claims as barred by the statute of limitations; and (c) Plaintiff's § 1983 claims.

Respectfully submitted this 26th day of June, 2023.

    KUTAK ROCK LLP

    */s/ Elizabeth L. Fite*
    Elizabeth L. Fite, Esq.
    Georgia Bar No. 142347
    elizabeth.fite@kutakrock.com
    Kutak Rock LLP
    Suite 900
    3424 Peachtree Road, NE
    Atlanta, GA  30326
    (404) 222-4600 (Telephone)
    (404) 222-4654 (Facsimile)

    *Counsel for Defendants Captain Phillip Ditmore and Firefighter Tiffany Payne Pinkston*

**CERTIFICATE OF COMPLIANCE AS TO FONT**

Pursuant to N.D. Ga. Local Rule 7.1 D, I hereby certify that this document is submitted in Times New Roman 14 point type as required by to N.D. Ga. Local Rule 5.1(b).

This the 26th day of June, 2023.

*/s/ Elizabeth L. Fite*
Elizabeth L. Fite, Esq.
Georgia Bar No. 142347

*Counsel for Defendants Captain Phillip Ditmore and Firefighter Tiffany Payne Pinkston*

# CERTIFICATE OF SERVICE

I hereby certify that, on this day, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CAPTAIN PHILLIP DITMORE AND FIREFIGHTER TIFFANY PAYNE PINKSTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Robert O. Bozeman, Esq.<br>Mawuli M. Davis, Esq.<br>The Davis Bozeman Law Firm, PC<br>Suite 332<br>4153 C. Flat Shoals Parkway<br>Decatur, GA  30034<br><br>rbozeman@davisbozemanlaw.com<br>mdavis@davisbozemanlaw.com<br><br>Leighton Moore, Esq.<br>The Moore Law Firm, PC<br>Suite 403<br>1819 Peachtree Street, NE<br>Atlanta, GA  30309<br>leighton@moorefirmpc.com | Cary S. Wiggins, Esq.<br>Wiggins Law Group, LLC<br>Suite 401<br>260 Peachtree Street, NW<br>Atlanta, GA  30303<br>(404) 659-28800 (Telephone)<br>cary@wigginslawgroup.com |

*Attorneys for Plaintiff*

R. David Ware, Esq.
Russel A. Britt, Esq.
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303
dware@hallboothsmith.com
rbritt@hallboothsmith.com

*Attorneys for DeKalb County*

This the 26th day of June, 2023.

                                         /s/ Elizabeth L. Fite
                                         Elizabeth L. Fite, Esq.
                                         Georgia Bar No. 142347

                                         *Counsel for Defendants Captain Phillip Ditmore and Firefighter Tiffany Payne Pinkston*